IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY T.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 21 C 6464 |
| v. | ) | |
| | ) | Magistrate Judge |
| MARTIN J. O'MALLEY, | ) | Daniel P. McLaughlin |
| Commissioner of Social Security,[2] | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Anthony T.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary remand [15] is denied, and the Commissioner's cross-request for summary judgment [20] is granted.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Martin J. O'Malley has been substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

# BACKGROUND

## I. PROCEDURAL HISTORY

On September 3, 2019, Plaintiff filed a claim for DIB, alleging disability since June 5, 2018. The claim was denied initially on February 6, 2020, but the claimant was found disabled upon reconsideration on September 25, 2020. Plaintiff was found disabled as of September 25, 2020 based on a non-mechanical application of Medical Vocational Rule 202.06. Thereafter, the claimant filed a written request for hearing, appealing the denial of disability from the period of the alleged onset date to September 25, 2020. The ALJ held a telephonic hearing on June 10, 2021, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On August 4, 2021, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act for the period of June 5, 2018 to December 7, 2020. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of June 5, 2018. At step two, the ALJ concluded that Plaintiff had the following severe impairments: osteoarthritis of the knees post ACL reconstruction; and right rotator cuff tear. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, did not meet or medically equal any listed impairments.

Before step four, the ALJ determined that – from his alleged onset date until January 15, 2019 – Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following additional limitations: could stand and/or walk for four hours in a workday; could frequently push and/or pull with the right upper extremity and right lower extremity; could occasionally climb ramps, stairs, ladders, ropes, or scaffolds; could frequently kneel and crouch; could occasionally crawl; and could frequently reach in all directions with the right upper extremity. The ALJ then determined that – beginning January 16, 2019 (post surgery) – Plaintiff retained the RFC to perform light work with the following additional limitations: can stand and/or walk for up to four hours in a workday; can frequently push and pull with the right upper extremity; can occasionally push and pull with the bilateral lower extremities; can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds; can frequently stoop; can occasionally kneel,

3

crouch, or crawl; can frequently reach in all directions, including overhead, with the right upper extremity; and must avoid concentrated exposure to temperature extremes and vibration.

At step four, the ALJ concluded that Plaintiff would be unable to perform his past relevant work as a maintenance mechanic. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform from his alleged onset date until December 7, 2020, his 55th birthday. Accordingly, the ALJ concluded that Plaintiff was not disabled under the Social Security Act from June 5, 2018 through December 7, 2020.[3]

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve

---

[3] As stated above, the State agency previously determined that Plaintiff was disabled as of September 25, 2020. More specifically, Plaintiff was found "disabled as of September 25, 2020 based on a non-mechanical application of Medical Vocational Rule 202.06." (R. 15.) In her decision, the ALJ stated that she addressed "whether the non-mechanical application of Grid Rule 202.06 was appropriate." (*Id.*) As characterized by Plaintiff, with respect to the ALJ's finding that Plaintiff was disabled as of December 7, 2020 and not September 25, 2020, the ALJ "decided the State agency was too favorable and issued an unfavorable decision on August 4, 2021." (*Id.* at 346.) Irrespective of the prior State agency disability determination, the instant decision addresses the ALJ's ultimate conclusion that Plaintiff was not disabled until December 7, 2020.

4

months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.   JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate

5

to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053-54 (7th Cir. 2024) (citations omitted). All that is required is that "ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow . . . a reviewing court[] to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Id.* at 1054 (citations and internal quotations omitted). Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also*

6

*Elder v. Astrue,* 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ's RFC assessment was unsupported and contrary to the evidence; and (2) the ALJ improperly discounted Plaintiff's subjective symptom allegations. Each argument will be addressed below in turn.

#### A. The ALJ's RFC Assessment

As stated by Plaintiff, in determining his RFC, the ALJ largely "adopted the opinion of the reconsideration-level State agency medical consultant" but further "reduced standing and/or walking to four hours per day." ([15] at 8.) Plaintiff takes issue with the ALJ's course of action in that regard. However, it is well recognized that "the opinion of a non-examining state agency consultant is the type of medical evidence an ALJ may rely upon to craft a claimant's RFC." *Devon T. v. Saul*, No. 18 C 7004, 2020 WL 496609, at *11 (N.D. Ill. Jan. 30, 2020) (citations omitted). Indeed, "[t]he Seventh Circuit has made clear that ALJs are 'entitled to rely upon the[] opinions' of State agency physicians when determining a claimant's RFC." *Edward G. v. Kijakazi*, No. 21-CV-1872, 2023 WL 4243213, at *6 (N.D. Ill. June 26, 2023) (citing *Rice v. Barnhart*, 384 F.3d 363, 370 (7th Cir. 2004); *Grotts v. Kijakazi*, 27 F.4th 1273, 1278 (7th Cir. 2022)). *See also Rodolfo M. v. Kijakazi*, No. 21 C 5565, 2023 WL 264913, at *7 (N.D. Ill. Jan. 18, 2023) (ALJ entitled to rely on the opinions

of State agency consultants "given that they are experts in Social Security disability evaluation"). Accordingly, the ALJ committed no error in relying on the State agency consultants' conclusions in order to craft Plaintiff's RFC, and the Court rejects Plaintiff's first argument.

Plaintiff also devotes a substantial portion of his opening brief to arguments that essentially boil down to impermissible requests that the Court reweigh the evidence. (*See, e.g.,* [15] at 10 ("the evidence supports that [Plaintiff] could not have sustained four hours of standing and walking per day while he was awaiting surgery"); *id.* ("the ALJ's conclusion that the objective findings were inconsistent with [Plaintiff's] alleged standing and walking limitations is contrary to the evidence").) Reweighing the evidence is an endeavor this Court cannot undertake, so the Court declines Plaintiff's invitation to do so. *See Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021). Relatedly, Plaintiff contends that the ALJ "failed to address evidence that consistently supports" Plaintiff's claim for benefits. ([15] at 8.) However, "[i]t is well-established that an ALJ need not discuss every piece of evidence in the record, so long as she does not ignore an entire line of evidence that supports a finding of disability." *Dzafic v. Kijakazi*, No. 22-2090, 2023 WL 2536340, at *5 (7th Cir. Mar. 16, 2023) (citation and internal quotations omitted). Here, Plaintiff has not shown that the ALJ disregarded an entire line of evidence.

Plaintiff complains that the ALJ did not address statements from his orthopedist, Dr. Chudik, that he was unable to work. In her decision, the ALJ noted "numerous statements from Steven Chudik, M.D., stating that the claimant is

8

unable to work," but found such statements "inherently neither valuable nor persuasive." (R. 25.) The ALJ's analysis in that regard was correct, as an ultimate determination of disability is a matter reserved for the Commissioner. *See Loveless v. Colvin*, 810 F.3d 502, 507 (7th Cir. 2016) (claimant's ability to work is question reserved, by regulation, for the Commissioner); *Jill A.W. v. Kijakazi*, No. 20 C 3854, 2022 WL 225879, at *5 (N.D. Ill. Jan. 26, 2022) ("[T]he ALJ was not obligated to justify rejecting Drs. Puri's and Brander's statements that Jill was unable to perform part-time work beyond noting that it is a conclusion reserved to the Commissioner."). The ALJ otherwise reasonably addressed Dr. Chudik's statements "to the extent that" they referred to Plaintiff's ability to perform physical or mental work activity, explaining that she found them unpersuasive because Dr. Chudik did not "provide limitations in vocationally relevant terms." (R. 25.)

Plaintiff also contends that the ALJ erred in finding that his "carpal tunnel and mental impairments were non-severe." ([15] at 11) In finding Plaintiff's carpal tunnel to be non-severe, the ALJ reasoned that "there were no significant objective medical findings in the record to support more than minimal limitations on the claimant's ability to perform work arising from [carpal tunnel syndrome]." (R. 18.) The ALJ further noted that "records show minimal treatment [for carpal tunnel] and indicate he was prescribed Naproxen for management of this impairment." (*Id.*) The Court finds no errors in the ALJ's assessment of Plaintiff's carpal tunnel that would require remand. With respect to Plaintiff's alleged mental impairments, Plaintiff focuses on his purported issues with memory. The ALJ considered

9

Plaintiff's isolated complaints of memory impairment but reasonably observed that the overall record did not document significant memory problems. (*Id.* at 18-19.) The Court also finds no reversible error in the ALJ's evaluation of Plaintiff's memory issues.

Finally, Plaintiff contends that the ALJ erroneously "defie[d] the Commissioner's Program Operations Manual System ('POMS')." ([15] at 12.) The Court summarily rejects that argument. "POMS is an internal manual without the force of law." *Eva B. v. Kijakazi*, No. 20 C 2689, 2023 WL 2711580, at *8 (N.D. Ill. Mar. 30, 2023) (citation omitted). Along those lines, POMS "is not a regulation and therefore has no legal force and does not even bind the SSA." *Gwendolyn B. v. Saul*, No. 20 C 3244, 2021 WL 1812879, at *5 (N.D. Ill. May 6, 2021) (citations and internal quotations omitted). As such, POMS does not "impose judicially enforceable duties on either [a] court or the ALJ." *Peter W. v. Saul*, No. 18 C 7461, 2020 WL 6044297, at *5 (N.D. Ill. Oct. 13, 2020) (citation omitted). Accordingly, the Court finds Plaintiff's arguments predicated on POMS unavailing. *See Peter W. v. Saul*, No. 18 C 7461, 2020 WL 6044297, at *5 (N.D. Ill. Oct. 13, 2020) ("[T]he POMS does not have the status or the enforceability of a regulation issued by the SSA.").

### B. The ALJ's Subjective Symptom Assessment

For his second argument, Plaintiff contends that the ALJ improperly discounted his subjective symptom allegations. In her decision, the ALJ assessed Plaintiff's subjective symptoms as follows:

> The claimant's testimony and reports of daily activities do not clearly support a finding that his functioning was reduced below the level

10

> indicated in the residual functional capacity set forth above. While the claimant testified that he was unable to walk his children to school or go to the store after the knee surgery, records post surgery indicate that he continued to engage in recreational activities and coaching basketball, though he was limited. Later records also note he reported walking his dog, though he felt some pain while doing so. While records show he continued to experience swelling and pain after the knee surgery, records show he chose to treat his symptoms conservatively. Exams also note he had full passive range of motion in his right knee and 5/5 strength, despite minimal joint swelling. Finally, records indicate he had experienced knee pain for years but was still able to maintain work activity as a maintenance mechanic.

(R. 21-22 (citations omitted).) The ALJ concluded that Plaintiff's alleged symptoms were "neither consistent with nor well supported by the objective medical findings, the claimant's statements about his activities, his medication regimen, his doctor's observations, and the opinions of the State agency consultants." (*Id.* at 26.)

This Court gives "the ALJ's credibility finding special deference and will overturn it only if it is patently wrong." *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017) (internal quotations and citation omitted). "[P]atently wrong . . . means that the decision lacks any explanation or support." *Murphy v. Colvin*, 759 F.3d 811, 816 (7th Cir. 2014) (citation omitted). Under that standard, the Court finds that, per the ALJ's explanation and support quoted above, the ALJ reasonably determined that Plaintiff's allegations were not fully corroborated. *See Prill v. Kijakazi*, No. 21-1381, 2022 U.S. App. LEXIS 1072, at *23 (7th Cir. Jan. 13, 2022) ("Substantial evidence supports the ALJ's determination that Prill's account of her subjective symptoms was not consistent with her medical records."); *Ray v. Saul*, 861 F. App'x 102, 107 (7th Cir. 2021) ("Because the ALJ's weighing of [claimant's] reported symptoms in the context of the whole record is supported by substantial

11

evidence, we find no reversible error on this front either."); *Schrank v. Saul*, 843 F. App'x 786, 789 (7th Cir. 2021) ("[T]he ALJ's credibility determination was not 'patently wrong,' because she found [claimant] not credible for several reasons that were adequately supported by the record.") (citation omitted); *cf. Lacher v. Saul*, 830 F. App'x 476, 478 (7th Cir. 2020) ("The ALJ's rationale here was thin, but it was adequate to reflect her conclusion that the objective medical evidence and Lacher's daily activities did not corroborate his subjective symptoms.").

Plaintiff asserts that, in relation to his subjective symptoms, the ALJ did not properly assess his daily activities. The Court finds no error in the ALJ's consideration of Plaintiff's daily activities. The ALJ did not improperly equate Plaintiff's daily activities with an ability to work full time. Rather, the ALJ appropriately read into Plaintiff's relatively active lifestyle that his asserted impairments were not as severe as alleged. *See Darryl S. v. Kijakazi*, No. 22 C 3827, 2023 WL 3169617, at *4 (N.D. Ill. Apr. 28, 2023). Plaintiff also argues that the ALJ improperly considered Plaintiff's "choice to treat his ongoing knee symptoms conservatively after his surgery." ([15] at 14.) The Court finds no error there, either. *See Prill v. Kijakazi*, 23 F.4th 738, 749 (7th Cir. 2022) ("[T]he ALJ did not err in considering that Prill received conservative treatment."); *Lisa G. v. Kijakazi*, No. 21-CV-3732, 2022 WL 4272782, at *4 (N.D. Ill. Sept. 15, 2022) ("[T]he ALJ adequately explained her rationale behind limiting Plaintiff to light work with additional limitations. It was not error for the ALJ to have considered Plaintiff's conservative course of treatment when coming to this conclusion."). Furthermore,

12

despite Plaintiff's protestations, the ALJ was allowed to consider Plaintiff's history of working despite this longstanding impairment. *See Pepper v. Colvin*, 712 F.3d 351, 364 (7th Cir. 2013). Ultimately, none of Plaintiff's arguments establish that the ALJ's symptom evaluation was "patently wrong," as was Plaintiff's burden to show. *See Horr v. Berryhill*, 743 F. App'x 16, 19–20 (7th Cir. 2018).

## CONCLUSION

For the foregoing reasons, the points of error raised by Plaintiff are not well taken. Accordingly, Plaintiff's motion for summary remand [15] is denied, and the Commissioner's cross-request for summary judgment [20] is granted.

**SO ORDERED.**                  **ENTERED:**

**DATE:   November 6, 2024**

**HON. DANIEL P. McLAUGHLIN**
**United States Magistrate Judge**